UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------- x
CHRISTOPHER COPELAND, on Behalf of  : Civil Action No. 1:08-cv-09060-DC
Himself and All Others Similarly Situated, :
                                           :
             Plaintiff,          :
                                           :
  vs.                                     :
                                           :
FORTIS, FORTIS BANK S.A./N.V., FORTIS   :
NV, HERMAN VERWILST, JEAN-PAUL          :
VOTRON, MAURICE LIPPENS, GILBERT        :
MITTLER and FILIP DIERCKX,              :
                                           :
             Defendants.         :
---------------------------------------- x


REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LEAD PLAINTIFFS'
MOTION FOR RECONSIDERATION AND FOR LEAVE TO FILE THE
[PROPOSED] SECOND AMENDED CLASS ACTION COMPLAINT

## TABLE OF CONTENTS

                                                                                                                               **Page**

I.     ARGUMENT ........................................................................................................... 1

        A.     Subject Matter Jurisdiction Exists Over Plaintiffs' Claims ....................... 1

        B.     Fortis Bank's Merits-Based Arguments are Improper and Its Contention that the "Knowing Source" Doctrine is No Longer Good Law is Wrong ............... 7

II.    CONCLUSION ...................................................................................................... 8

## TABLE OF AUTHORITIES

Page

**CASES**

*Abu Dhabi Commer. Bank v. Morgan Stanley & Co.*,
    651 F. Supp. 2d 155 (S.D.N.Y. 2009)......................................................................7

*Adelphia Recovery Trust v. Bank of Am., N.A.*,
    624 F. Supp. 2d 292 (S.D.N.Y. 2009)......................................................................7

*Allianz Risk Transfer v. Paramount Pictures Corp.*,
    No. 08 Civ. 10420 (TPG), 2010 U.S. Dist. LEXIS 32218
    (S.D.N.Y. Mar. 31, 2010).........................................................................................7

*Central Bank of Denver v. First Interstate Bank of Denver*,
    511 U.S. 164 (1994).................................................................................................7

*Consol. Gold Fields PLC, v. Minorco, S.A.*,
    871 F.2d 252 (2d Cir. 1989).....................................................................................3

*Copeland v. Fortis*,
    No. 08 civ. 9060 (DC), 2010 U.S. Dist. LEXIS 14726
    (S.D.N.Y. Feb. 18, 2010) .........................................................................................1

*Cornwell v. Credit Suisse Group*,
    666 F. Supp. 2d 381 (S.D.N.Y. 2009)......................................................................3

*Cornwell v. Credit Suisse Group*,
    No. 08 Civ. 3758 (VM), 2010 U.S. Dist. LEXIS 13927
    (S.D.N.Y. Feb. 11, 2010) ......................................................................................2, 3

*Davis v. Abercrombie & Fitch Co.*,
    No. 08 Civ. 1859 (PKC), 2008 U.S. Dist. LEXIS 86577
    (S.D.N.Y. Oct. 22, 2008) ......................................................................................4, 5

*Edinburgh Council ex rel. Lothian Pension Fund v. Vodafone Group Pub. Ltd.*,
    No. 07 Civ. 9921 (PKC), 2009 U.S. Dist. LEXIS 29835
    (S.D.N.Y. Apr. 9, 2009)...........................................................................................2

*Fireman's Fund Ins. Co. v. Wagner Fur, Inc.*,
    No. 88 Civ. 5176 (MJL), 1992 U.S. Dist. LEXIS 315
    (S.D.N.Y. Jan. 8, 1992)............................................................................................6

*Friedlander v. Port Jewish Ctr.*,
    347 Fed. Appx. 654 (2d Cir. 2009) ..........................................................................5

                                                       Page

*Hernandez v. Conriv Realty Assocs.*,
   182 F.3d 121 (2d Cir. 1999) .................................................................................................5

*Ill. State Bd. of Inv. v. Authentidate Holding Corp.*,
   No. 09-1751-cv, 2010 U.S. App. LEXIS 5226
   (2d Cir. Mar. 12, 2010) ..........................................................................................................7

*In re Alstom SA Secs. Litig.*,
   406 F. Supp. 2d 433 (S.D.N.Y. 2005) ....................................................................................7

*In re European Aeronautic Defence & Space Co. Sec. Litig.*,
   No. 08 Civ. 5389 (WHP), 2010 U.S. Dist. LEXIS 29742
   (S.D.N.Y. Mar. 26, 2010) ................................................................................................3, 4

*In re Take-Two Interactive Sec. Litig.*,
   551 F. Supp. 2d 247 (S.D.N.Y. 2008) ....................................................................................7

*In re Winstar Commc'ns*,
   No. 01 CV 3014 (GBD), 2006 U.S. Dist. LEXIS 7618
   (S.D.N.Y. Feb. 27, 2006) .......................................................................................................6

*SEC v. Conaway*,
   No. 2:05-CV-40263, 2010 U.S. Dist. LEXIS 4254
   (E.D. Mich. Jan. 20, 2010) ....................................................................................................7

*Shrader v. CSX Transp.*,
   70 F.3d 255 (2d Cir. 1995) ....................................................................................................2

*Stoneridge Inv. Partners, LLC v. Scientific-Atlanta, Inc.*,
   552 U.S. 148 (2009) ..............................................................................................................7

*United States v. Schiff*,
   Nos. 08-1903 & 08-1909, 2010 U.S. App. LEXIS 7179
   (3d Cir. Apr. 7, 2010) ............................................................................................................7

*Valentine v. Metro. Life Ins. Co.*,
   No. 85 Civ. 3006 (CSH), 2005 U.S. Dist. LEXIS 7322
   (S.D.N.Y. Apr. 25, 2005) ......................................................................................................6

*Van Buskirk v. New York Times Co.*,
   325 F.3d 87 (2d Cir. 2003) ....................................................................................................6

**Page**

*Weiss v. Assicurazioni Generali, S.p.A.*,
   592 F.3d 113 (2d Cir. 2010)......................................................................................................6

*Wright v. Ernst & Young LLP*,
   152 F.3d 169 (2d Cir. 1998)......................................................................................................7

*Yung v. Lee*,
   160 Fed. Appx. 37 (2d Cir. 2005)............................................................................................7

*Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*,
   215 F.3d 247 (2d Cir. 2000)......................................................................................................1

**STATUTES, RULES AND REGULATIONS**

Federal Rules of Civil Procedure
   59..................................................................................................................................................6
   60..................................................................................................................................................6

Local Civil Rule
   6.3................................................................................................................................................6

Lead Plaintiffs Labourers' Pension Fund of Central and Eastern Canada ("Labourers") and Employees' Retirement System of the Government of the Virgin Islands ("Virgin Islands") (collectively, "Plaintiffs") respectfully submit this reply memorandum of law in further support of their motion for reconsideration of the Court's February 18, 2010 Opinion (the "Opinion") and for leave to file the [Proposed] Second Amended Class Action Complaint ("SAC").

**I.     ARGUMENT**

**A.     Subject Matter Jurisdiction Exists Over Plaintiffs' Claims**

There is nothing improper about this motion or Plaintiffs' submissions. Rather than advance new facts (as Defendants[1] claim), Plaintiffs merely amplify existing facts, now presented in the SAC, that demonstrate why subject matter jurisdiction exists here. As the Court recognized in its Opinion, there is nothing untoward about this. *See Copeland v. Fortis*, No. 08 civ. 9060 (DC), 2010 U.S. Dist. LEXIS 14726, at *4 (S.D.N.Y. Feb. 18, 2010). In fact, not only may the Court consider "evidence outside of the pleadings, such as affidavits," in determining whether jurisdiction exists, but, "if necessary, [it may] hold an evidentiary hearing." *Zappia Middle E. Constr. Co. v. Emirate of Abu Dhabi*, 215 F.3d 247, 253 (2d Cir. 2000) (alteration added); *accord Copeland*, 2010 U.S. Dist. LEXIS 14726, at *4 (citing, *inter alia*, *Zappia*). Moreover, the submissions evidence that the proposed amendments in the SAC would not be futile. The submissions are thus appropriate.[2]

---

[1] Unless otherwise noted, defendants Fortis S.A./N.V., Fortis NV and Fortis Bank S.A./N.V. ("Fortis Bank") are referred to herein as "Fortis" and, together with certain of their highest-level executive officers, as "Defendants."

[2] Because the Court may consider facts outside of the pleadings, it is not true, as Defendants once claimed, that "facts explicitly alleged in the Amended Complaint must provide a valid basis . . . to adjudicate the 'foreign-cubed' claims." *See* Memorandum of Law in Support of Motion to Dismiss the Amended Class Action Complaint by Defendants Fortis S.A./N.V. and Fortis NV, dated July 22, 2009 (Docket Entry No. 34), at 44. Moreover, as Plaintiffs pointed out in the opening brief, there was no apparent need to augment the allegations of the First Amended Class Action Complaint ("FAC") until the Court rendered its Opinion. In fact, Defendants did not even move to dismiss the claims of U.S.-based investors for lack of subject matter jurisdiction. Nevertheless, Defendants ask the Court to strike Plaintiffs' submissions. The facts are what they are, and the Court can exercise its discretion to consider them fully.

Putting aside Defendants' rhetoric and self-serving use of this motion as an opportunity to reargue the merits – which the Court could not reach, in finding jurisdiction lacking – this motion is straightforward and the facts are undisputed:

- Defendants' fraud was dependent to a material extent upon Fortis's New York-based operations, and, as the Court itself described, the fraud was wide-ranging;

- Fortis shares held by investors in the U.S., or eligible for treatment in the U.S., most likely exceeded 10% of Fortis's outstanding shares during most of the Class Period;

- U.S.-based institutional investors, exclusive of those who held ADRs alone, held at least 7.1% of Fortis securities during the Class Period;

- During the Class Period, U.S.-based investors held as many as 9.5 million ADRs;

- Virgin Islands, like numerous other institutional investors, is a U.S.-based purchaser of Fortis securities that was harmed by the fraud;

- Labourers, like other foreign investors, purchased shares of Fortis securities and was also harmed by the fraud; and

- Christopher Copeland ("Copeland"), the plaintiff who filed the initial complaint in this action, purchased ADRs domestically.

These facts, which are now expressly set forth in the SAC, "might reasonably be expected to alter [the Court's] conclusion" that subject matter jurisdiction is lacking. *See Shrader v. CSX Transp.*, 70 F.3d 255, 257 (2d Cir. 1995); *see also Edinburgh Council ex rel. Lothian Pension Fund v. Vodafone Group Pub. Ltd.*, No. 07 Civ. 9921 (PKC), 2009 U.S. Dist. LEXIS 29835, at *3 (S.D.N.Y. Apr. 9, 2009) (granting reconsideration where court overlooked that U.S. investor had joined action). Indeed, just recently, Judge Marrero granted leave to re-plead – and, in doing so, sustained the claims of U.S.-based purchasers of a foreign company's securities – in a class action involving similar facts, extrapolated from a variety of sources, like here, with the assistance of Dr. Scott D. Hakala (although not mentioned in the decision). *See Cornwell v. Credit Suisse Group*, No.

08 Civ. 3758 (VM), 2010 U.S. Dist. LEXIS 13927, at *9-10 (S.D.N.Y. Feb. 11, 2010)[3]; *see Cornwell* Docket Entry No. 36, Ex. B (attaching the Hakala Declaration).

In *Cornwell*, Judge Marrero found that a proposed amended complaint "contain[ed] two new key allegations that would allow the Court to exercise subject matter jurisdiction" over the claims of U.S.-based investors, including those who purchased ADRs: (i) that two of the lead plaintiffs "are United States residents"; and (ii) that 11.4% of the company's shares "were held by United States institutional investors during the Class Period . . . ." *Id*. at *9; *see also id*. at *10 n.3 (deferring until class certification the question of whether lead plaintiffs, who "purchased ADRs only on the New York Stock Exchange while other United States based investors purchased CSG shares on the Swiss Stock Exchange[,] could assert claims on behalf of all U.S. investors"). These allegations, which are nearly identical to those present here, "cure[d] the defects the Court identified when dismissing the [action]" – at least with respect to the claims of U.S.-based investors. *Id*. at *10 (holding that the allegations "satisfie[d] the 'effects' test" and citing *Consolidated Gold Fields PLC v. Minorco, S.A.*, 871 F.2d 252, 262 (2d Cir. 1989)). The result should be the same here.

In contrast, in *In re European Aeronautic Defence & Space Co. Securities Litigation*, No. 08 Civ. 5389 (WHP), 2010 U.S. Dist. LEXIS 29742 (S.D.N.Y. Mar. 26, 2010), Judge Pauley found jurisdiction lacking over the claims of U.S.-based investors where the complaint did not allege that any class member purchased shares on a domestic exchange.[4] *See id*. at *23 ("Plaintiff does not

---

[3] In support of their motion to dismiss, Defendants relied heavily upon Judge Marrero's prior decision in *Cornwell*, in which he dismissed the action for lack of subject matter jurisdiction with leave to re-plead. *See Cornwell v. Credit Suisse Group*, 666 F. Supp. 2d 381 (S.D.N.Y. 2009). They have since abandoned their reliance on that decision.

[4] Notwithstanding the fact that Judge Pauley determined that jurisdiction was lacking, he nevertheless rendered an extensive *forum non conveniens* analysis and concluded that an adequate alternate forum existed for the resolution of the claims asserted there. *See* 2010 U.S. Dist. LEXIS 29742, at *26-34. Unlike in that case, Defendants have not argued that an adequate alternate forum exists for the resolution of Plaintiffs' claims.

- 3 -

allege that any class member acquired its [] shares as ADRs in the United States."); *see also id*. at *24 (distinguishing *Minorco* on this basis, among others). "Absent allegations linking the effects of the fraud to the United States," Judge Pauley held, "the federal securities laws do not reach this predominantly foreign fraud." *Id*. at *23.

In the SAC, by contrast, Plaintiffs specifically allege that U.S.-based investors purchased a significant number of ADRs domestically,[5] and, further, that U.S.-based investors purchased, sold and held a substantial percentage of Fortis securities. Defendants' suggestion that Plaintiffs should have alleged these facts in the FAC presumes that Plaintiffs should have anticipated that the Court would find subject matter jurisdiction lacking. But clairvoyance is not the standard by which a motion for reconsideration is determined, nor is it the standard applicable to a motion for leave to replead. In fact, even in the *European Aeronautic* decision, Judge Pauley contemplated the filing of an amended complaint and refrained from dismissing the case with prejudice. *See* 2010 U.S. Dist. LEXIS 29742, at *35 ("Any request for leave to file a third amended class action complaint should conform to this Court's Individual Practices.").

Moreover, because the law concerning the extraterritorial application of the federal securities laws is continuing to evolve – an issue that courts in this District and elsewhere continue to grapple with – no well-developed body of case law could have guided Plaintiffs. And, in any event, the FAC asserted claims on behalf of Virgin Islands, which is evidently a U.S.-based entity. While the Court need not credit "argumentative inferences" in Plaintiffs' favor, the inference that Virgin Islands is a domestic entity is not argumentative and is plainly supported by the allegations of the FAC (and now the SAC). *See Davis v. Abercrombie & Fitch Co*., No. 08 Civ. 1859 (PKC), 2008 U.S. Dist. LEXIS

---

[5] In fact, as noted herein, the SAC alleges that Copeland, the plaintiff who filed the initial complaint in this action, purchased ADRs domestically.

86577, at *10-11 (S.D.N.Y. Oct. 22, 2008) ("Though no presumptive truthfulness attaches to the complaint's jurisdictional allegations, a court should construe the allegations of the complaint . . . favorably to the pleader.") (citations and internal quotation marks omitted).

Defendants' contention that the Court could dismiss this case with prejudice in the absence of subject matter jurisdiction is not only plainly wrong, it is intellectually dishonest – which explains why they could not meaningfully distinguish any of the Second Circuit (or other) cases upon which Plaintiffs rely.  In fact, in *Hernandez v. Conriv Realty Associates*, 182 F.3d 121, 123 (2d Cir. 1999), the only case on this issue that Defendants address in their brief, the Second Circuit could not have been clearer, declaring, in no uncertain words, that "Article III deprives federal courts of the power to dismiss a case with prejudice where federal subject matter jurisdiction does not exist."[6]  What about this statement leads Defendants to believe that a dismissal with prejudice, in the absence of jurisdiction, is proper here?  Not even they can answer that question.

Equally untenable is Defendants' contention that the Court's dismissal with prejudice is of little practical significance, because, they claim, "the end result here is the same."  It is not sufficient to say "no harm, no foul," however, where the Court is without "the statutory or constitutional power" to render such a dismissal.  *See Friedlander*, 347 Fed. Appx. at 655 (second quotation).  Moreover, as even Defendants recognize, a dismissal with prejudice would have far-reaching effects, because it could preclude Plaintiffs from re-filing their case under any circumstances – even if facts later come to light that expose even more substantial ties between Defendants' fraudulent conduct and the U.S.  In this regard, it is significant to note that Plaintiffs have not yet had an opportunity to

---

[6]   Put differently, where subject matter jurisdiction is absent, "the district court lacks the statutory or constitutional power to adjudicate [the case]."  *Friedlander v. Port Jewish Ctr.*, 347 Fed. Appx. 654, 655 (2d Cir. 2009).  That a state court could exercise jurisdiction over other claims present in *Hernandez* – as Defendants point out, in attempting to distinguish the case – is irrelevant to the Second Circuit's acknowledgement that a federal district court may not render a dismissal with prejudice without the jurisdiction to do so.  It strains credulity to suggest otherwise.

conduct discovery concerning the fraud, and, even today, all of the facts concerning the fraud – which remain in Defendants' possession – are not yet known. Defendants should not benefit from the stay of discovery imposed by the Private Securities Litigation Reform Act ("PSLRA") by using it both as a sword and a shield.

Finally, in arguing that Plaintiffs' motion for leave to re-plead is inappropriate because the Court entered judgment, Defendants disingenuously ignore the fact that Plaintiffs also request the Court to reconsider and vacate the Opinion. *See* Docket Entry No. 46 (Plaintiffs' Notice of Motion) (seeking an Order "pursuant to Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e) and 60(b)"). As even Defendants' cited authorities confirm, a plaintiff may file an amended complaint, in the exercise of a court's discretion, where "judgment is set aside or vacated pursuant to Rule 59" – the exact relief Plaintiffs seek here. *See Weiss v. Assicurazioni Generali, S.p.A.*, 592 F.3d 113, 120 (2d Cir. 2010) (observing that a plaintiff may file an amended complaint where "judgment is set aside or vacated pursuant to Rule 59"); *see also Van Buskirk v. New York Times Co.*, 325 F.3d 87, 92 (2d Cir. 2003) (holding similarly). In this regard, the motion for leave to re-plead is merely the vehicle by which the Court could allow Plaintiffs to explicitly allege facts that address the perceived jurisdictional deficiencies it identified in the Opinion.[7] Furthermore, because a stay of discovery remains in place, Defendants would not suffer any prejudice from an amendment – nor have they shown otherwise. *See In re Winstar Commc'ns*, No. 01 CV 3014 (GBD), 2006 U.S. Dist. LEXIS 7618, at *4 (S.D.N.Y. Feb. 27, 2006) (leave to amend should be granted in the absence of prejudice).

---

[7] It is not unusual for courts to exercise their discretion to consider factual submissions in connection with a motion for reconsideration. *See, e.g.*, *Valentine v. Metro. Life Ins. Co.*, No. 85 Civ. 3006 (CSH), 2005 U.S. Dist. LEXIS 7322, at *3-4 & *10 n.2 (S.D.N.Y. Apr. 25, 2005) (considering an affidavit submitted, without leave to do so, in support of a motion for reconsideration); *see also Fireman's Fund Ins. Co. v. Wagner Fur, Inc.*, No. 88 Civ. 5176 (MJL), 1992 U.S. Dist. LEXIS 315, at *9-10 (S.D.N.Y. Jan. 8, 1992) (considering an affidavit submitted in support of a motion for reconsideration of the denial of a motion for summary judgment).

### B. Fortis Bank's Merits-Based Arguments are Improper and Its Contention that the "Knowing Source" Doctrine is No Longer Good Law is Wrong

Fortis Bank wastes four pages of its five-page opposition brief addressing the continued viability of the "knowing source" doctrine, which is not even at issue on this motion. In any event, recent decisions suggest that Fortis Bank is wrong in arguing that the knowing source doctrine is no longer good law after *Wright v. Ernst & Young LLP*, 152 F.3d 169 (2d Cir. 1998) and *Stoneridge Investment Partners, LLC v. Scientific-Atlanta, Inc.*, 552 U.S. 148 (2009). *See, e.g., Allianz Risk Transfer v. Paramount Pictures Corp.*, No. 08 Civ. 10420 (TPG), 2010 U.S. Dist. LEXIS 32218, at *18 (S.D.N.Y. Mar. 31, 2010) (applying the doctrine while distinguishing *Wright* on the basis that the defendant at issue, as here, was alleged to have been a primary, not secondary, actor); *In re Alstom SA Secs. Litig.*, 406 F. Supp. 2d 433, 463-64 (S.D.N.Y. 2005) (finding "that *Wright* did not abrogate the rule" and applying it); *see also United States v. Schiff*, Nos. 08-1903 & 08-1909, 2010 U.S. App. LEXIS 7179, at *26 n.16 (3d Cir. Apr. 7, 2010) (noting that the doctrine may serve as basis of liability under agency principles); *SEC v. Conaway*, No. 2:05-CV-40263, 2010 U.S. Dist. LEXIS 4254, at *271-72 (E.D. Mich. Jan. 20, 2010) (collecting cases).[8] As explained at length in opposition to the motions to dismiss, Fortis Bank knowingly served as the source of various false and misleading statements and omissions of material fact. *See* Docket Entry No. 38 at 23-25.

---

[8] Fortis Bank's secondary argument that the "group pleading" doctrine did not survive after *Central Bank of Denver v. First Interstate Bank of Denver*, 511 U.S. 164 (1994), is also without basis, because the Second Circuit has never spoken definitively on the issue and, like the knowing source doctrine, courts in this District have continued to apply it. *See, e.g., Abu Dhabi Commer. Bank v. Morgan Stanley & Co.*, 651 F. Supp. 2d 155, 177 (S.D.N.Y. 2009) (Scheindlin, *J*.); *Adelphia Recovery Trust v. Bank of Am., N.A.*, 624 F. Supp. 2d 292, 315-17 (S.D.N.Y. 2009) (McKenna, *J*.); *In re Take-Two Interactive Sec. Litig.*, 551 F. Supp. 2d 247, 267 n.10 (S.D.N.Y. 2008) (noting that "the majority of courts in this District has determined that the doctrine survived the PSLRA's enactment") (Kram, *J*.); *see also Ill. State Bd. of Inv. v. Authentidate Holding Corp.*, No. 09-1751-cv, 2010 U.S. App. LEXIS 5226, at *14 (2d Cir. Mar. 12, 2010) (remanding to allow the district court to consider whether the defendants were liable for "those [misstatements and omissions] attributable to them under the group pleading doctrine"); *Yung v. Lee*, 160 Fed. Appx. 37, 42 (2d Cir. 2005) (examining the doctrine but declining to reach the issue of whether it survived the enactment of the PSLRA). Nevertheless, neither the FAC nor the SAC explicitly relies on group pleading (or needs to).

## II.   CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant reconsideration and allow Plaintiffs to file the SAC.

| | |
|---|---|
| DATED:  April 16, 2010 | ROBBINS GELLER RUDMAN & DOWD LLP<br>SAMUEL H. RUDMAN<br>DAVID A. ROSENFELD<br>JOSEPH RUSSELLO |

/s/ <i>Joseph Russello</i>
JOSEPH RUSSELLO

58 South Service Road, Suite 200
Melville, New York  11747
Telephone:  631/367-7100
631/367-1173 (fax)

*Lead Counsel for Plaintiffs*

KOSKIE MINSKY LLP
MICHAEL MAZZUCA
20 Queen Street West
Suite 900, Box 52
Toronto, Ontario
M5H 3R3
Telephone:  416/977-8353
416/977-3316 (fax)

*Additional Counsel for Plaintiffs*

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 16, 2010, I caused the foregoing to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send notification of such public filing to all counsel registered to receive such notice.

ROBBINS GELLER RUDMAN & DOWD LLP

*/s/ Joseph Russello*
JOSEPH RUSSELLO

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)