USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/20/10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - -x

CHRISTOPHER COPELAND, on                :
behalf of himself and all
others similarly situated,              :

               Plaintiff,      :       MEMORANDUM DECISION

    - against -                        :       08 Civ. 9060 (DC)

FORTIS, FORTIS BANK S.A./N.V.,          :
FORTIS NV, HERMAN VERWILST,
JEAN-PAUL VOTRON, MAURICE               :
LIPPENS, GILBERT MITTLER,
and FILIP DIERCKX,                      :

               Defendants.     :

- - - - - - - - - - - - - - - - -x

APPEARANCES:        COUGHLIN STOIA GELLER
                  RUDMAN & ROBBINS LLP
                      By:  Samuel H. Rudman, Esq.
                  58 South Service Road, Suite 200
                  Melville, New York   11747

                    - and -

                  KOSKIE MINSKY LLP
                      By:  Michael Mazzuca, Esq.
                  20 Queen Street West
                  Suite 900, Box 52
                  Toronto, Ontario  M5H 3R3
                      Attorneys for Lead Plaintiffs

                  LINKLATERS LLP
                      By:  James R. Warnot, Jr., Esq.
                          Paul M. Alfieri, Esq.
                          Ruth E. Harlow, Esq.
                  1345 Avenue of the Americas
                  New York, New York  10105
                      Attorneys for Defendants

**CHIN, Circuit Judge,**

        On February 18, 2010, I issued an opinion dismissing this case "with prejudice" for lack of subject matter jurisdiction.  I concluded that plaintiffs' first amended

complaint failed to sufficiently allege that defendants' securities activity warranted an exercise of jurisdiction under Section 10(b) of the Securities Exchange Act. See Copeland v. Fortis, No. 08-9060 (DC), 2010 WL 569865 (S.D.N.Y. Feb. 18, 2010). Now, plaintiffs have filed a motion for reconsideration as well as a motion for leave to file a second amended complaint. In the motion for reconsideration, plaintiffs argue that a federal court that lacks subject matter jurisdiction does not have the authority to dismiss a complaint "with prejudice."

Though I clarify my holding on this issue, both the motion for reconsideration and the motion for leave to amend are denied.

The decision to grant or deny a motion for reconsideration falls squarely within the discretion of the district court. See Devlin v. Trans. Comms. Int'l Union, 175 F.3d 121, 132 (2d Cir. 1999). "[A] motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided." Shrader v. CSX Trans., Inc., 70 F.3d 255, 257 (2d Cir. 1995). "[T]o be entitled to reconsideration, a movant must demonstrate that the Court overlooked controlling decisions or factual matters that were put before it on the underlying motion, which, had they been considered might reasonably have altered the result reached by the court." Keiser v. CDC Inv. Mgmt. Corp., No. 99-12101 (WHP), 2004 WL 516212, at *1 (S.D.N.Y. Mar. 17, 2004).

Plaintiffs argue that reconsideration is warranted because the Court "overlooked" controlling law on whether a federal court may dismiss a complaint for lack of subject matter jurisdiction "with prejudice." In support of their position, they cite the rule that "where a court lacks subject matter jurisdiction, it also lacks the power to dismiss with prejudice." Hernandez v. Conriv Realty Assocs., 182 F.3d 121, 123 (2d Cir. 1999).

The rationale for the rule is to ensure that a federal dismissal for lack of subject matter jurisdiction does not foreclose subsequent attempts to bring the suit in a court of competent jurisdiction -- e.g., a state court. "A dismissal with prejudice interferes with state court jurisdiction because it 'has the effect of a final adjudication on the merits favorable to [the] defendant,' and therefore has res judicata effect -- that is, it 'bars future suits brought by [the] plaintiff upon the same cause of action.'" Id. (citing Samuels v. N. Telecom, Inc., 942 F.2d 834, 836 (2d Cir. 1991)); see also 2B Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1350 (2d ed. 1990) ("Inasmuch as a Rule 12(b)(1) motion basically is one in abatement, a dismissal is not a decision on the merits and has no res judicata effect that would prevent the re-institution of the action in a court that has subject matter jurisdiction over the controversy").

The Court never intended to prejudice plaintiffs' ability to bring their suit in a court of competent jurisdiction.

While the plaintiffs do not have the option of pursuing a Securities Exchange Act cause of action in state court, see 15 U.S.C. § 78aa, they may very well have some other legal recourse in a foreign or state court.  Accordingly, I hereby clarify the February 18, 2010, opinion to hold that plaintiffs' first amended complaint is dismissed with prejudice as to their federal securities claims and without prejudice as to the refiling of proper claims in a court of competent jurisdiction.[1]

      SO ORDERED.

Dated:    New York, New York
          May 20, 2010

                            DENNY CHIN
                            United States Circuit Judge

---

[1] To the extent that plaintiffs argue that the February 18, 2010, decision cannot prejudice their ability to re-litigate the federal jurisdictional issue that I actually decided, they are mistaken.  "[U]nder principles of issue preclusion, even a case dismissed without prejudice has preclusive effect on the jurisdictional issue litigated."  Kasap v. Floger Nolan Fleming & Douglas, Inc., 166 F.3d 1243, 1248 (D.C. Cir. 1999) (emphasis in original).